[Civ. No. 791. Fourth Appellate District.—January 19, 1933.]

SAMUEL SANBORN, Appellant, v. POMONA PUMP COMPANY (a Corporation), Respondent.

R. W. Henderson for Appellant.

David G. Kling for Respondent.

BARNARD, P. J.—This is a motion to dismiss an appeal. On February 1, 1932, the Superior Court of Kern County, upon motion of the defendant, ordered the trial of the action transferred to the county of Los Angeles, from which order the plaintiff has appealed. On February 9, 1932, counsel for the appellant wrote to the attorney for the respondent, sending him a copy of the proposed bill of exceptions, informing him that the same would be presented to the judge who made the order on February 10, 1932, calling

his attention to the provisions of section 650 of the Code of Civil Procedure relating to the right of the adverse party to participate in such a proceeding to settle a bill of exceptions and to the fact that section 649 of this code is not equally explicit in this regard, and asking him either to consent to the proposed bill or, if desired, to propose amendments thereto. The proposed bill of exceptions was presented to the judge on February 10, 1932. On February 16, 1932, the attorney for the respondent wrote to the attorney for the appellant inclosing a copy of his proposed amendments to the bill of exceptions, stating that he had examined the original papers then in the office of the county clerk in Los Angeles, suggesting a number of minor changes in order to make the proposed bill of exceptions conform to the original documents, objecting to the wording of the proposed certificate prepared for the judge's signature and proposing a proper wording for said certificate in order, as he said, ''to comply with the law''.

It appears that each and every one of the amendments asked for was incorporated in the proposed bill of exceptions, including the exact language of the suggested certificate, thus proposed, and the engrossed bill of exceptions was signed by the judge on February 23, 1932. On March 26, 1932, the appellant's opening brief was filed in this court. On July 29, 1932, the attorney for the respondent obtained from this court an order extending time to file his brief to August 30, 1932, his affidavit including, among other things, the statement that he had theretofore received ninety days' extension of time from the appellant, that his brief was in a large measure prepared and that the same could be filed within the time allowed. The respondent's brief was not filed within that time, nor at all, and nothing else was done until December 19, 1932, when notice of this motion to dismiss the appeal was filed.

The motion is made and urged upon the ground that the court cannot consider the record here on file for the reason that the bill of exceptions was not settled and authenticated in accordance with the provisions of section 650 of the Code of Civil Procedure and, in particular, because the same was settled without notice to the respondent and because the judge's certificate thereto is alleged to be neither complete nor in proper form.

Not only does it appear that this bill of exceptions was settled under the provisions of section 649 of the Code of Civil Procedure and not under section 650 thereof, but it fully appears that the moving party had actual notice of the proposed bill of exceptions with a copy thereof; that he examined and compared it with the original documents; and that he suggested various amendments, all of which were incorporated in the engrossed bill of exceptions, together with the identical language suggested by him for the form of the judge's certificate thereto. We have then what amounts to an agreed bill of exceptions and it must be held that the respondent, by his conduct at the time of its settlement and subsequently, has waived all objection thereto. It appears from his own statement that the record is essentially correct, and no injury is shown.

Two other minor objections are raised, of which one is shown by the respondent's statement to be immaterial, and the other has been cured by an order made by this court.

The motion to dismiss the appeal is denied.

Marks, J., and Jennings, J., concurred.